UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TORI RACHELLE WENTZ,<br><br>    Defendant. | NO: 2:15-CR-72-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

**BEFORE THE COURT** is Defendant Tori Rachelle Wentz's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 57. The United States filed no response within the allotted timeframe. The Court has reviewed the motion and the record and is fully informed. For the reasons below, Ms. Wentz's motion is **denied**.

Defendant pleaded guilty to two counts of possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and one count of distribution of 5 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). ECF No. 43. On June 30, 2016, the Court sentenced Ms. Wentz to 120 months

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

incarceration, running concurrently for all count, followed by five years of supervised release. ECF No. 55. The Court sentenced Ms. Wentz to the statutory mandatory minimum sentence for her conviction. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Ms. Wentz was represented by counsel at the time of her conviction and sentence; however, she is representing herself for purposes of the present motion.

Ms. Wentz seeks a one- to four-year reduction of her sentence based on her good behavior and rehabilitation while incarcerated. Ms. Wentz recounts that she has used her time in prison thus far to improve herself. ECF No. 57-1 at 2. She represents that she has participated in an electrical apprenticeship program and has worked to "atone" for her past mistakes and rebuild personal relationships. *Id*.

The Court applauds Ms. Wentz's progress and accomplishments, however a court may not modify a sentence that it has imposed except as specifically provided by rule or statute. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). A prisoner may seek release under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *See also United States v. Addonizio*, 442 U.S. 178, 184–85 (1979) (holding that even "[a]n error of law does not provide a basis for collateral

attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice") (internal quotations omitted).

Good behavior after sentencing is not a ground on which a court can grant relief under the habeas statute, 28 U.S.C. § 2255. *See Quezada v. United States*, CV 12-08134 MMM, 2015 U.S. Dist. LEXIS 66706 ("Good behavior is not a ground on which a court can grant habeas relief."); *Lin Guang v. United States*, 11 Civ. 7011 (RMB), 2013 U.S. Dist. LEXIS 33330, 2013 WL 870266, *5 (S.D.N.Y. Mar. 7, 2013) ("Although good behavior and rehabilitation are commendable, they do not provide grounds for relief pursuant to 28 U.S.C. § 2255," *citing Ortiz v. United States*, 93 CIV. 1184 (KMW), 1993 WL 205032, *1 (S.D.N.Y. June 11, 1993)). Rather, if an initial sentence is set aside on appeal, the resentencing court may consider post-sentencing rehabilitation as one of the factors in imposing the new sentence. *Pepper v. United States*, 131 S. Ct. 1229, 1249 (2011).

Again, the Court applauds Ms. Wentz for her efforts while in prison and urges her to continue to rehabilitate herself in preparation for her release. However, the Court had to follow the law and imposed the mandatory minimum sentence in light of Ms. Wentz's conviction, and Ms. Wentz does not argue that the mandatory minimum sentence was unconstitutional or otherwise invalid. Therefore, Ms. Wentz's sentence shall remain intact.

The court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c). Ms. Wentz has not made a substantial showing that she was denied any constitutional right. Therefore, no certificate of appealability shall issue.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 57**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to Defendant and counsel for the United States.

**DATED** October 12, 2017.

      *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
      United States District Judge